FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

01 FEB 21 AM 10: 05

U.S. DISTRICT COURT
N.D. OF ALABAMA

MARVIN T. BLACK,

    Plaintiff(s),

vs.

CITY OF IRONDALE, et al.,

    Defendant(s).

]
]
]
]
]
]
]
]
]
]

**ENTERED**

FEB 21 2001

CV-00-TMP-2289-S

### Memorandum of Opinion

### I.   Introduction

This cause comes to be heard on defendants' objections to the Report and Recommendation of Chief Magistrate Judge T. Michael Putnam. Judge Putnam considered defendants' motion for dismissal of plaintiff's complaint on grounds of qualified immunity, failure to exhaust administrative remedies, and Fed. R. Civ. P. 12(b)(6). In his December 20, 2000, Report and Recommendation, Judge Putnam recommended that the motion to dismiss be granted as to the official capacity and breach of contract claims asserted against the individual defendants, but denied in all other respects. The defendants' filed objections to the recommendations on January 4, 2001 (Doc. No. 13), and the issues have been fully briefed by both parties in accord with this court's January 11, 2001, schedule for submissions (Doc. No. 14).

The court has reviewed Judge Putnam's opinion, the objections of the defendants, the plaintiff's response, and the underlying evidentiary materials. The matter is now ripe for decision. The court has duly considered all issues raised in the objections *de novo*, and

17

upon such consideration, finds that plaintiff should be required to replead Count I of the complaint.

## II.    **Allegations of the Complaint**

The plaintiff, Marvin T. Black ("Black") maintains that he was demoted from the rank of Sergeant to the rank of Patrolman with the City of Irondale Police Department. (Complaint at ¶ 4). According to Black, the demotion was premised on the pretense of a March 13, 2000, telephone conversation between himself and a citizen. (*Id*. at ¶ 5). The conversation in question allegedly arose over the citizen's complaint regarding the City of Irondale's policy in regard to the towing of vehicles detained by the Irondale police department. (*Id*. at ¶ 6).

Based on the foregoing, in Count I of the complaint, Black maintains that defendants City of Irondale and Chief Wallace C. Gibson ("Gibson"), Lt. Norman Stapp ("Stapp") and Mayor Allen Ramsey ("Ramsey"), individually and in their official capacities, violated his First Amendment right to free speech, as enforced by 42 U.S.C. § 1983. Additionally, in Count II of the complaint, Black asserts a claim for breach of employment contract. (*Id*. at ¶¶ 7-19).[1]

---

[1] As noted above, Judge Putnam recommended that the motion to dismiss be granted as to the official capacity and breach of contract claims against the individual defendants. The plaintiff did not oppose dismissal of these claims during oral argument before Judge Putnam and does not raise any objections before this court. Accordingly, these claims will be dismissed with prejudice.

## III.   Discussion

### A.   Breach of Employment Contract

As noted above, in Count II of the complaint, Black asserts a breach of employment contract claim against the City of Irondale.  The defendants maintain that this claim is due to be dismissed because Black failed to exhaust all of his administrative remedies prior to challenging the actions of the City of Irondale in court.  In his Report and Recommendation, Judge Putnam declined to dismiss this claim on grounds that the evidence was insufficient to support defendants' contention that Black "was required to, and/or did, exhaust any administrative remedies available to him." (R&R p. 3, ft. 1).

During the pendency of defendants' objections to Judge Putnam's recommendation, a Hearing Officer issued his Findings, Conclusions and Recommendations, sustaining the demotion of Black.  On January 29, 2001, the Jefferson County Personnel Board ("Personnel Board"), the final decision-maker with respect to the promotion and demotion of Irondale police officers, adopted the findings of fact and recommendations submitted by the Hearing Officer.  (Def. Response Ex. C).  For this reason, if Black's administrative remedies were not exhausted at the time this action was commenced, those remedies are certainly exhausted at this juncture.  The defendants' argument is moot, and therefore, the motion to dismiss the breach of contract claim against the City of Irondale will be **DENIED**.

### B.   42 U.S.C. § 1983 - First Amendment Claims

The defendants object to Judge Putnam's decision to deny officers Gibson, Stapp and Ramsey the affirmative defense of qualified immunity at the motion to dismiss stage. In his Report and Recommendation, Judge Putnam stated:

3

> There has not yet been any discovery in this case that would allow the plaintiff to discover what specific actions the defendants took in response to his conversation and what motives the defendants may have had in demoting the plaintiff. While the court is mindful that qualified immunity is designed to shield government officials from suit as well as from liability, it is simply too early in the case for this court to determine, based upon the pleadings and the arguments of the parties, that there is "no set of facts" under which the plaintiff may be able to prevail.

(R&R, p. 4). The defendants maintain that the above conclusion is erroneous because additional facts are not required for this court to reach the conclusion that the individual defendants are entitled to qualified immunity. This court, however, cannot properly evaluate the defense of qualified immunity because Black has failed to plead his First Amendment claim with specificity.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997). The court may dismiss a complaint under that rule only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the purpose of ruling on a 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations. Moreover, it views them in a light most favorable to the non-moving party. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Burch v. Apalachee Community Mental Health Servs., Inc*. 840 F.2d 797, 798 (11th Cir. 1988) (en banc).

The court's review, however, is circumscribed by the heightened pleading requirements in this circuit for § 1983 actions against public officials in their individual

4

capacities.  As noted by the Eleventh Circuit in *GJR Investments*, "while Fed. R. Civ. P. 8

allows a plaintiff considerable leeway in framing [his] complaint, this circuit, along with

others, has tightened the application of Rule 8, with respect to § 1983 cases in order to weed

out non-meritorious claims, requiring that a § 1983 plaintiff allege with some specificity the

facts which make out its claim." *GJR Investments*, 132 F.3d at 1367.  Similarly, in *Oladeinde*

*v. Birmingham*, the Eleventh Circuit held that in cases where government officials have

raised the defense of qualified immunity, "some factual detail is necessary, especially if [the

court is] to be able to see that the allegedly violated right was clearly established when the

allegedly wrongful acts occurred."  Thus, in resolving defendants' motion to dismiss, this

court is guided by both the 12(b)(6) standard and the heightened pleading requirement.[2]

Applying these concepts the complaint here, the court finds that Black has failed to

plead his claim with the requisite factual detail necessary to survive the defendants' Rule

12(b)(6) motion to dismiss.  As noted above, the complaint simply makes the conclusory

assertion that Black was demoted from the rank of Sergeant to the rank of Patrolman on the

basis of a March 19, 1999, phone conversation, between himself and a citizen, regarding the

towing of vehicles detained by Irondale police officers.  Black has failed to allege, with any

degree of particularity, any facts suggesting that the speech in question relates to a public

concern, let alone any facts tending to establish a causal connection between his speech

---

[2] The plaintiff's contention that the Supreme Court's decision in *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167-168, 113 S. Ct. 1160, 1162, 122 L. Ed. 2d 517 (1993) stands for the proposition that "courts may not apply a 'heightened pleading standard' over and above the dictate of Federal Rule of Civil Procedure 8(a) to claim under Section 1983" is without merit.  (Plf. Brief in Opposition, p. 3).  The Eleventh Circuit reasoned that "[a]lthough the Supreme Court [in *Leatherman*] has held that courts may not impose a heightened pleading requirement in § 1983 cases involving municipalities, the Court specifically declined to extend its holding to cases involving individual government officers, and we likewise decline to do so here."  *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1389 (11th Cir. 1998) (citations omitted).

and the alleged retaliatory action taken by the individual defendants. While Black may have stated a claim sufficient to satisfy the requirements of Fed. R. Civ. P. 8, he certainly has fallen short of meeting the heightened pleading requirements applicable in § 1983 individual capacity actions. *See GJR Investments*, 132 F.3d at 1368 (heightened pleading in § 1983 actions "is still the law in this circuit"). In light of Black's vague, general and conclusory allegations, the court has no basis from which to evaluate the applicability of the qualified immunity defenses. Accordingly, the First Amendment claims against defendants Gibson, Stapp, and Ramsey will be **DISMISSED WITHOUT PREJUDICE**. Should the plaintiff attempt to amend in an effort to cure the deficiencies noted here, he must do so within fifteen (15) days of the date on which this opinion and judgment are entered.

Done, this _____20th_____ of February, 2001.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

6